IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, <br><br> v. <br><br> Aaron Lorenzo Tillman | Crim. No. 4:05-cr-00472-TLW-3 <br><br> **Order** |

    This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

    Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute a Quantity of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. His statutory sentencing range was up to 20 years incarceration, followed by at least 3 years of supervised release. PSR ¶¶ 81, 86. In light of the statutory maximum, his Guidelines range at sentencing was 240 months, followed by 3 years of supervised release.[1] PSR ¶¶ 82, 87. The Court imposed a 240-month term of imprisonment, followed by a 3-year term of supervised release. ECF No. 197.

    Section 404(b) of the First Step Act provides that "[a] court that imposed a

---

[1] Absent the statutory maximum, his Guidelines range would have been 360 months to Life. PSR ¶ 82.

1

sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, he was convicted of violating 21 U.S.C. § 841(b)(1)(C).

The Fourth Circuit recently held that a defendant convicted of a crack offense in violation of § 841(b)(1)(C) is eligible for a reduction. *See United States v. Woodson*, ___ F.3d ___, 2020 WL 3443925, at *4 (4th Cir. 2020). Thus, Defendant is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Woodson* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See id.*

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There

are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (3.1 kilograms) that would have clearly supported a charge to the current § 841(b)(1)(A) threshold amount (280 grams);[2] (2) his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his sentencing because the Fair Sentencing Act did not change the penalties associated with a conviction involving a quantity of crack; (3) he received a firearm enhancement in this case; (4) he has numerous prior drug convictions, including several for crack distribution; (5) he was on parole when he committed the instant offense; and (6) his current sentence is already well-below the Guidelines range that would otherwise apply absent the statutory maximum. For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 343, is therefore **DENIED**.

---

[2] Notably, he was originally charged with violating § 841(b)(1)(A) and the Government filed a § 851 Information with two enhancing convictions, so he was facing a mandatory sentence of life imprisonment. However, in mid-trial, he reached a plea agreement with the Government in which he would plead guilty to violating § 841(b)(1)(C) and the Government would withdraw the § 851 enhancements, resulting in the current statutory penalties. *See* ECF No. 153.

In addition to the crack weight, he was held accountable for a cocaine weight of over 1 kilogram, though the PSR relied solely on the crack weight of 3.1 kilograms to calculate his total offense level. *See* PSR ¶¶ 29, 56. This was presumably because, at the time, the crack weight alone put him in the highest offense level on the drug quantity table. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c)(1) (Nov. 2005) (providing that a crack weight of 1.5 kilograms or more results in a base offense level of 38).

**IT IS SO ORDERED.**

                                        *s/ Terry L. Wooten*
                                        Terry L. Wooten
                                        Senior United States District Judge

July 10, 2020
Columbia, South Carolina